**Not for Publication**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

RAJEH A. SAADEH,

             **Plaintiff,**

             **v.**

TOWNSHIP OF SPRINGFIELD, *et. al.*,

             **Defendants.**

                     Civil Action No. 24-11246 (ES) (SDA)

                     **ORDER**

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff Rajeh A. Saadeh's ("Plaintiff") motion for a preliminary injunction against Defendants Township of Springfield ("Township"), Springfield Township Police Department ("Township Police"), State of New Jersey ("State"), New Jersey State Police, New Jersey State Police Superintendent Patrick J. Callahan, Springfield Township Police Department Chief John Cook ("Cook"), and Springfield Township Police Department Detective Lieutenant James Mirabile ("Mirabile") (referred to collectively as "Defendants") (D.E. No. 35). Having carefully considered the parties' submissions and other relevant portions of the record, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b); and it appearing:

     1.     Plaintiff applied to Defendant Township Police for a permit to carry a handgun on December 16, 2022. (D.E. No. 35-2 ("Saadeh Decl.") ¶ 1).[1] Three days later, Township Police

---

[1]     The Saadeh Decl. contains paragraphs 1–3, and then abruptly restarts its numbering, such that what would ordinarily be labeled as paragraph "4" is instead listed as a second paragraph "1." All citations herein refer to the "second" set of paragraphs.

granted Plaintiff the permit he requested.  (*Id.* ¶ 2).  Pursuant to N.J. Stat. Ann. § 2C:58-4(a), the permit was valid for two years from the date of issuance, at which point the statute required Plaintiff to apply for a permit renewal.  (*Id.* ¶ 3).  On August 27, 2024, Plaintiff applied to the Township Police to renew his permit.  (*Id.* ¶ 4); and

2.    Defendants represent that Defendant Mirabile reviewed Plaintiff's renewal application and investigated Plaintiff's fitness to carry a handgun.  (D.E. No. 56 ("State's Opp.") at 5).  In that investigation, Defendant Mirabile discovered news articles that referenced certain of Plaintiff's Instagram posts.  (*Id.*).  Those posts, Defendants contend, included videos of Israeli Defense Force soldiers being killed and wounded by Hamas militants, along with comments such as "Three birds; one stone," "Say a prayer," and "hunting season."  (*Id.* at 5–6).  Defendants further represent that Mirabile included these findings in his memorandum to Defendant Cook, who made the ultimate decision to deny Plaintiff's renewal application.  (*Id.* at 6); and

3.    On November 22, 2024, Defendant Township Police sent Plaintiff an e-mail informing him it had denied his renewal application.  (Saadeh Decl. ¶¶ 5–6).  The email provided the following reason for denial:  "To any person where the issuance would not be in the interest of the public health, safety or welfare because the person is found to be lacking the essential character of temperament necessary to be entrusted with a firearm."  (Saadeh Decl., Ex. 3); and

4.  That explanation appears to reference Section 2C:58-3(c)(5) of the applicable permit statute which provides, in relevant part, that:

> A handgun purchase permit or firearms purchaser identification card shall not be issued . . . . (5) To any person where the issuance would to be in the interest of the public health, safety, or welfare because the person is found to be lacking the essential character or temperament necessary to be entrusted with a firearm.

N.J.S.A. § 2C:58-3(c)(5); and

5.      Applicants who are denied a license—either initially or upon attempt for renewal—may appeal by requesting a hearing in the Superior Court of New Jersey within 30 days of said denial.  N.J.S.A. § 2C:58-3(d); and

6.      Defendants represent that Plaintiff did not appeal the denial of his renewal application by requesting a hearing in accordance with § 2C:58-3(d).  (State's Opp. at 1).  Plaintiff does not suggest otherwise.  (*See generally* D.E. No. 59 ("Reply Br.")); and

7.      Plaintiff instead initiated this action by filing a Complaint alleging that Defendants violated his constitutional rights.  (D.E. No. 1).  Plaintiff filed the instant application for a preliminary injunction on March 14, 2025.  (D.E. No. 35).  On March 28, 2025, Plaintiff filed an Amended Complaint.  (D.E. No. 43); and

8.      In this motion, Plaintiff seeks a preliminary injunction either (i) granting his renewal application for a permit to carry a handgun pending further court order; or (ii) extending his "current" permit without any time-based expiration pending further court order.  (D.E. No. 35-1 ("Pl. Br.") at 5); and

9.      A court has discretion to grant or deny a motion for a preliminary injunction.  *Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012).  A preliminary injunction is an extraordinary remedy that should be granted only in limited circumstances.  *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994); *see also Falter v. Veterans Admin.*, 632 F. Supp. 196, 201 (D.N.J. 1986). ("There is no power the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing [of] an injunction.") (quoting 11 Wright & Miller, Federal Practice and Procedure: Civil § 2942 at 369 (1973)); and

10.     The primary purpose of a preliminary injunction is the maintenance of the status quo until a decision on the merits of a case is rendered.  *Acierno v. New Castle Cty.*, 40 F.3d 645, 647 (3d Cir. 1994).  Where, as here, the movant requests to alter the status quo,[2] that party must meet a heavy burden.  *See Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980); *see also Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008); and

11.     To grant a preliminary injunction, a court considers whether:  (i) the movant has shown a reasonable likelihood of success on the merits; (ii) the movant will be irreparably injured by the denial of the relief; (iii) the grant of an injunction will result in substantial harm to the nonmoving party; and (iv) granting relief is in the public interest.  *Sullivan v. City of Pittsburg*, 811 F.2d 171, 181 (3d Cir. 1987), *cert denied*, 484 U.S. 849 (1987).  "All four elements must be satisfied in order to grant the injunction." *Flowers v. Wheeler*, No. 18-8315, 2018 WL 4639239, at *3 (D.N.J. Sept. 27, 2018) (citing *Roberts v. Ferman*, 448 F. App'x 254, 256 (3d Cir. 2011).  The first two elements are gateway elements, and only if those are shown does a court need to consider the last two elements.  *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017); *see also Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002).  "The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC.*, 428 F.3d 504, 508 (3d Cir. 2005); and

12.     On March 19, 2025, during a discovery conference with the Hon. Stacey D. Adams, U.S.M.J., in relation to Plaintiff's preliminary injunction motion, a question arose as to whether Plaintiff intended to "challenge the constitutionality of the underlying statute" or, alternatively,

---

[2]     While Plaintiff contends that his proposed injunction will preserve the status quo, (D.E. No. 59 at 20), the Court disagrees.  Absent Court intervention, Plaintiff's permit expired two years from the issuance date of December 19, 2022.  (Saadeh Decl. ¶ 2); N.J. Stat. Ann. § 2C:58-4(a).  By asking the Court to either require Defendants to approve his renewal application or extend the duration of his existing permit, Plaintiff seeks to modify the status quo.

ask the Court to determine if "the Township had the proper basis for denying Plaintiff's permit renewal application under the existing statute." (D.E. No. 38 ¶ 3). To resolve the ambiguity, Judge Adams ordered Plaintiff to "clarify his position by doing one of the following: (i) write a letter clarifying the scope of the pending PI motion; (ii) withdraw the pending PI motion . . . ; or (iii) leave the existing motion as filed . . . ." (*Id*.); and

13.     On March 21, 2025, Plaintiff filed a letter purporting to clarify the scope of his preliminary injunction motion. (*See* D.E. No. 39). In his letter, Plaintiff explained: "we do not seek to stay or enjoin enforcement of any statutes except as applied to Mr. Saadeh . . . [t]hus, in deciding our motion, Your Honors need not determine whether any of said statutes are facially unconstitutional." (*Id*. at 2). The Court interprets Plaintiff's March 21 letter as having withdrawn his facial unconstitutionality arguments; and

14.     In the brief supporting his preliminary injunction application, however, Plaintiff argued *only* that the applicable New Jersey firearm statutes are facially unconstitutional. (*See generally* PI Br.); and

15.     In his reply submission, Plaintiff argued, for the first time, that rather than being facially unconstitutional, the firearms statutes at issue are unconstitutional as applied to *him*, specifically. (*Generally* Reply Br.); and

16.     A movant "may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief." *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 533 n.2 (D.N.J. 1999) (citing *International Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n. 11 (3d Cir. 1992); "The law is clear that reply briefs should respond to arguments raised in the opposition brief, or explain a position in the initial brief that the respondent refuted . . . Reply briefs are not the time to present new argument." *Smithkline Beecham PLC v. Teva Pharm. USA,*

*Inc.*, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007); and

17.    Plaintiff has not shown that he is reasonably "likely to succeed on the merits" of his facial unconstitutionality arguments. *Sullivan*, 811 F.2d at 181. Indeed, he has since withdrawn them; and

18.    The Court will not consider Plaintiff's "as-applied" unconstitutionality arguments, raised for the first time in his reply, when resolving this motion, as Defendants have not had a meaningful opportunity to address them. Indeed, Defendant's focused their opposition on Plaintiff's withdrawn "facial unconstitutionality" arguments. (State's Opp. at 11–19).

**IT IS** on this 12th day of December 2025,

**ORDERED** that Plaintiff's Motion for a Preliminary Injunction (D.E. No. 35), is **DENIED**, *without prejudice*, as procedurally deficient; and it is further

**ORDERED** that Plaintiff may file a subsequent application for preliminary injunctive relief, as appropriate, that includes *all* of his factual and legal bases for such relief. Defendants may then respond in the ordinary course; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** Docket Entry Number 35.

s/Esther Salas
**Esther Salas, U.S.D.J.**

6